UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **James Black,** | ) CASE NO. 1:12 CV 449 |
| **Plaintiff,** | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) **Memorandum of Opinion and Order** |
| **Ronald P. Forsthoefel,** | ) |
| **Defendant.** | ) |

### INTRODUCTION

*Pro se* Plaintiff James Black filed this action under 42 U.S.C. §1983 against Ashland County Court of Common Pleas Judge Ronald P. Forsthoefel.  Plaintiff alleges Judge Forsthoefel refused to apply the Interstate Agreement on Detainers ("IAD") and denied his Motion to Dismiss the indictment against him on speedy trial grounds.  He seeks injunctive relief.

### BACKGROUND

Plaintiff alleges he was indicted in Ashland County, Ohio in June 2010 on charges of theft and breaking and entering.  One month later, he found himself confined in the Cecil County Detention Center in Elkton, Maryland on theft-related charges.  He was sentenced to three years incarceration by the Cecil County Circuit Court on February 14, 2011.  The court suspended two years of the sentence and ordered him to serve the remaining 12 months in the Cecil County Detention Center.  Pursuant to the IAD, Plaintiff filed a Notice of Availability with the Ashland County Court of Common Pleas on March 4, 2011.

Ten days later, the Prosecutor for Richland County, Ohio filed a Request for Temporary

Custody with the State of Maryland pursuant to Article IV(a) of the IAD.  Richland County sought to bring Plaintiff back to Ohio to resolve an indictment pending against him in that county.  He was transported to the Richland County Jail on May 27, 2011, and on July 18, 2011 was sentenced to three years of community control by the Richland County Court of Common Pleas.  Richland County then notified Ashland County that Plaintiff was available.  Plaintiff claims Ashland County failed to take custody of him and he returned to the Cecil County Detention Center in Maryland.

Plaintiff's counsel filed a Motion to Dismiss the Indictment in Ashland County on August 22, 2011, asserting Ashland County violated "the single transfer rule" of Article IV(e) of the IAD.  The Ashland County Prosecutor claimed the IAD was not applicable because Plaintiff was serving his sentence in a local detention center, not a state correctional institution.  Judge Forsthoefel, who was assigned to the case, denied Plaintiff's motion on September 6, 2011, and concluded the IAD did not apply to an inmate in a local detention center.  Plaintiff's attorney filed an Amended Motion to Dismiss the Indictment asserting the IAD is applicable to Plaintiff.  The Ashland County Prosecutor, however, filed a superceding indictment against Plaintiff on January 26, 2012.  Defendant denied Plaintiff's Amended Motion to Dismiss the Indictment on February 14, 2012.

Thereafter, Plaintiff filed this civil rights action.  He claims Defendant denied him equal protection by treating him differently than inmates incarcerated in state correctional institutions.  He contends Defendant was incorrect in his legal analysis and asserts the language of Article III(a) of the IAD should be read broadly to encompass inmates held in local detention centers.  He asks this Court to order Defendant to vacate his Order, find the IAD to be applicable to

inmates like Plaintiff incarcerated in local detention centers, and grant his Amended Motion to Dismiss Indictment.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## **DISCUSSION**

This Court cannot grant the relief Plaintiff requests.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988).  If a federal action is filed, *Younger* abstention requires the federal court to defer to the state proceeding.  *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present.  Plaintiff admits that the criminal

action against him is still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, Plaintiff, through counsel, asserted his claims under the IAD in the Ashland County Court of Common Pleas. Judge Forsthoeful considered his arguments as well as the arguments of the State and ruled in favor of the State. This Court cannot overrule his decision. The requirements of *Younger* are satisfied and this Court must abstain from interfering in the pending state court criminal action against the Plaintiff.

**CONCLUSION**

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 8/01/12       United States District Judge